## NATIONAL LABOR RELATIONS BOARD

v.

## HUMBOLDT FULL FASHIONED HOSIERY MILLS, Inc.

### No. 12031.

United States Court of Appeals
Sixth Circuit.

Feb. 18, 1954.

Supplemental Opinion March 18, 1954.

Geo. J. Bott, A. Norman Somers, Rosanna Blake, Washington, D. C., for petitioner.

Bass, Berry & Sims, Nashville, Tenn., J. D. Senter, Jr., Humboldt, Tenn., for respondent.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

This petition of the National Labor Relations Board for enforcement of its order has been heard and considered on the entire record and on the oral arguments and briefs of attorneys for the parties;

And it appearing that the labor board disagreed with the trial examiner in his finding that an employee, Mrs. Bessie K. Beasley, was not discharged in violation of the National Labor Relations Act, and ordered her reinstatement with back pay; and it being our conclusion, from consideration of the record as a whole, that the preponderance of evidence in the case gainsays the proposition that Mrs. Beasley was discharged because of activity in behalf of the union labor organization and strongly supports the conclusion that she was discharged because of her carelessness in the performance of her duties as inspector of hosiery for the ascertainment of defects in them;

The petition of the labor board for enforcement of its order directing the reinstatement, with back pay, of Mrs. Beasley is denied;

And it appearing that there is no controversy over the entry of the board's order relating to other matters upon which it exercised jurisdiction in the cause;

The order of the board is directed to be enforced, except as to the portion relating to Mrs. Beasley.

Supplemental Opinion.

MARTIN, Circuit Judge.

Supplementing the decision of this court entered on February 18, 1954, it appearing from a letter dated January 22, 1954, that the National Labor Relations Board has withdrawn its petition for enforcement of paragraphs 1(a) and 2(a) of the Board's order;

It Is Now Ordered that said paragraphs 1(a) and 2(a) be and they are hereby eliminated from the Board's order.